# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

A TOTAL DOOR, INC., a Kansas corp.
5420 Antioch Drive

                                                           Civil Action No.09 –CV-2371JWL/JPO

                              Plaintiff

    v.

TOTAL DOOR, Inc., a Michigan corp.,
TOTAL DOOR, a Michigan partnership, and
OPENINGS, LP, a Michigan partnership.

                            Defendants

_____

## STIPULATED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), plaintiff/counter-claim defendant A Total Door, Inc. ("Plaintiff") and defendants/counterclaimants Openings LP, Total Door, Inc., and Total Door, Partnership ("Defendants")[1] agree that discovery in this action should be governed by a protective order. Such protective order is necessary because of the nature of the action (a trademark infringement suit) and the documents required to be produced under controlling federal discovery rules and law. Such materials will include confidential and highly confidential business and proprietary information from the parties. A category of such information that will involve confidential and/or highly confidential business and proprietary information of the

---

[1] As reflected by the Answer filed in this case (doc. 10), Openings LP is probably the only proper defendant. The parties are in the process of working through this and this order is meant to protect and include any/all proper parties without prejudice to their potential removal from, or inclusion in, this lawsuit.

parties would certainly go to discoverable information probative to the issue of damages in this suit. Damage information would include profit data from the parties and documents related thereto. If such information is not protected by an order of this nature, the disclosure of such information would do serious business and competitive harm to the parties.

It is therefore stipulated and agreed by counsel for the parties to this action that the terms and conditions of this Stipulated Protective Order ("Order") shall be applicable to, and govern, documents and information specified below.

For good cause shown, IT IS HEREBY ORDERED AS FOLLOWS:

**1.    Scope**

This Order shall govern all documents, objects, or oral information produced to or by any party or non-party in this action, or furnished to or by any party or non-party in this action prior to commencement of this action (hereinafter collectively referred to as "Information"), that either party designates in good faith as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." "Document" or "documents" shall mean information in any recorded format, whether paper, electronic, original or duplicate, photographs, or any other format including, but not limited to all documents produced in the course of discovery, all responses to discovery requests, all trial and deposition exhibits, and any other material that may be subject to discovery. The term "document" or "documents" shall also include all electronically stored information ("ESI"). ESI is defined as information that is stored in an electronic medium and is retrievable in perceivable form.

**2.    Designated Material**

The Parties may designate Information in this action as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." "Confidential" Information includes, but is not limited

to, business operations information (including confidential research, customer development, commercial information, business partner information, licensing agreements, business ownership information or other proprietary data), and financial information (budget, bidding, ledgers and expenditures on capital improvements, non-public information). "Highly Confidential – Attorneys' Eyes Only" Information is limited to; trade secrets; customer and potential customer information; business/strategic plans; sales, cost financial and pricing information; bank statements; customer lists; or other business operations and financial information that either party in good faith claims that the disclosure of such information may result in competitive injury to it or pose a security risk to its business interests.

Third parties/non-parties producing documents in the course of this action may also designate documents as "Confidential" or "Highly Confidential-Attorney's Eyes Only," subject to the same protections and constraints as the parties to the action. A copy of the Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as "Highly Confidential-Attorney's Eyes Only" for a period of 15 days from the date of their production, and during that period any party may designate such documents as "Confidential" or "Highly Confidential-Attorney's Eyes Only" pursuant to the terms of the Order.

The parties may agree to add additional categories of Designated Material as necessary and as mutually agreed. If the parties are unable to resolve the issue of whether this Order should be amended to include new and additional categories of Designated Material, the dispute

may be submitted to the court by motion or otherwise. In the case of a dispute, a party need not produce the disputed material until the parties or the court resolves the dispute.

      3.      **Designation Procedure**

Information may be designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" as follows:

(a) in the case of documents, by placing or affixing the word "Confidential" or "Highly Confidential – Attorneys' Eyes Only," in an appropriate legend, on each page of the document produced in a manner which will not interfere with the legibility of the document and which will permit complete removal of the designation;

(b) in the case of objects or other tangible things, by placing or affixing the word "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as appropriate, in a prominent place on the object or tangible thing produced in a manner which will not interfere with the legibility, operation or appearance of the object or tangible thing and will permit complete removal of the designation; and

(c) in the case of depositions, testimony or other oral information by: (i) stating orally, on the record, that the information is "Confidential" or "Highly Confidential – Attorneys' Eyes Only" at the time the information is given; or (ii) sending written notice designating the information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" within twenty (20) business days after receipt of the transcript of the oral information. The parties shall initially treat all transcripts of testimony as "Highly Confidential – Attorneys' Eyes Only" until said twenty (20) day period has expired. If, during the course of testimony, any

party reasonably believes that the answer to a question will result in the disclosure of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information, all persons other than those persons entitled to receive such information set forth herein shall be excluded from the room in which the oral information is given. All such documents, objects and oral information so designated on the record shall, without the necessity of further designation, be treated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in accordance with this Order.

4. **Effect of Designation**

Nothing herein shall be construed to affect in any way the admissibility of Information at trial. Nothing herein shall constitute a waiver of any claim or privilege or other protection from discovery, and the parties expressly reserve all rights they may have pursuant to Fed. R. Civ. P. 26(b)(5). Nothing herein shall be construed as an admission or recognition that materials so designated are "Confidential" or "Highly Confidential – Attorneys' Eyes Only," but only that the parties agree to comply with the terms of this Order.

5. **Failure to Designate**

The inadvertent failure to designate documents, things or testimony as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," at the time of disclosure shall not operate to waive a party's right later to designate such Information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," but no party shall be held in breach of this Order if, in the interim, Information has been disclosed to any person(s) not authorized to receive "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Information under this Order, or has been used

in a manner inconsistent with this Order. In the event that a belated designation is made, the receiving party shall make reasonable efforts (consistent with the requirements of Rule 26(b)(5)(B)) to retrieve any Information disclosed to unauthorized person(s), shall apply a "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation to all copies of the Information or , at the receiving party's option, shall return the Information to the producing party for the producing party to apply the appropriate designation, and such Information shall thereafter be treated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in accordance with this Order. In the event that a party who belatedly designates Information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" deems it necessary to make application to the court concerning the inadvertent disclosure of Information, it will be the responsibility of the producing party, and not the receiving party, to make such application. In the event that the parties can not come to agreement and Court involvement is required, the receiving party will abide by the belated designation until the Court rules on the issue.

      6.      **Inadvertently Produced Material**

Any party who inadvertently discloses documents or things that are privileged or otherwise immune or not subject to discovery (under the Federal Rules of Civil Procedure or federal law) shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party, invoking the protections of Federal Rule of Civil Procedure 26(b)(5)(B). At that point, the receiving party must "promptly return, sequester, or destroy the specified information" and refrain from using it until the claim has been resolved by the Court. The parties should meet and confer on the issue and if unable to come to agreement, the party that inadvertently produced the material shall file an appropriate motion with the Court. Until the Court has ruled on this motion, the receiving party shall make no use of the inadvertently produced material, including

but not limited to, reproducing the material, memorializing the material, or permitting the material be viewed by anyone other than Counsel for the party that is handling this issue.

7. **Procedure for Objection to Designation**

A party objecting to the designation of information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" must give counsel for the designating party written notice of its reasons for the objection and within five (5) business days of such notice meet or confer by telephone with counsel for the designating party in a good faith effort to resolve their differences. Failing resolution within this five (5) business day period, the party objecting may, on duly noticed motion, seek an order changing or removing the designation. With regard to any such motion, the designated Information shall be assumed to have been properly designated, and the moving party shall bear the burden of proving the designation is improper. Until a final ruling is received stating that the designation is improper, the parties shall continue to treat the designated Information at issue as designated in accordance with this Order.

Nothing contained herein shall be deemed a waiver by any party of any available objections in response to any discovery.

8. **Filing "Highly Confidential – Attorneys' Eyes Only" Documents with the Court**

Filings with the Court containing Information designated as "Highly Confidential – Attorneys' Eyes Only" shall be submitted to the Court consistent with Local Rule 5.4.6, which requires that the filing party must first file a motion with the court and be granted leave to file the particular document under seal. All Information filed with the Court designated "Highly Confidential – Attorneys' Eyes Only," shall be marked with a legend substantially as follows:

"Disclosure or use of this information is restricted by a Protective Order." Counsel for the parties shall also be responsible for designating all such papers filed with the court as "Highly Confidential – Attorneys' Eyes Only."

**9.     Access**

Information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," including any copies, notes, abstracts or summaries thereof, shall be stored under the direct control of counsel for the parties, who shall use reasonable efforts to prevent any disclosure thereof except in accordance with the terms of this Order. Counsel for the parties shall make reasonable efforts to ensure that any copies made of documents designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" adequately reflect the appropriate designation.

**10.     Restrictions on Disclosure and Use**

All information that is designated as "Confidential," including any copies, notes, abstracts or summaries thereof, shall be maintained in confidence by the person to whom such information is produced or disclosed, and shall not be disclosed to any person except:

(a)     the officers, employees, consultants and/or advisors of the parties only to the extent deemed necessary by attorneys of record for said parties to aid in preparation for the trial in this matter, without prejudice to a party's right to seek an order with respect to any particular piece of Information;

(b)     the court and any persons employed by the court whose duties require access to the Information;

(c)     court reporters and videographers who record depositions or other testimony in this proceeding;

(d) counsel of record to the parties in this action, and the associates, paralegals and clerical or other support staff who are employed by such counsel and are involved in assisting in this action;

(e) experts or consultants retained by a party to this action for purposes of this litigation and who are not currently employed by the party provided that no disclosure is made to any expert or consultant who is employed by a competitor of either party;

(f) deposition and trial witnesses, following the good-faith determination by counsel who seeks to disclose the Information that such disclosure is necessary to the witnesses' preparation or testimony;

(g) outside litigation support vendors, including commercial photocopying vendors, scanning service vendors, coders and keyboard operators; and

(h) such other persons as may be consented to by the party or non-party designating the Information as "Confidential."

All information that is designated as "Highly Confidential – Attorneys' Eyes Only," including any copies, notes, abstracts or summaries thereof, shall be maintained in confidence by the person to whom such Information is produced or disclosed, and shall not be disclosed to any person except:

(a) counsel of record to the parties in this action and the associates, paralegals and clerical or other support staff who are employed by such counsel and are assigned to, and necessary to, assist in this action;

(b) the court and any persons employed by the court whose duties require access to the Information;

(c) court reporters and videographers who record depositions or other testimony in this proceeding;

(d) with the written consent of disclosing party or court order, experts or consultants retained by a party to this action for purposes of this litigation and who are not currently employed by the party provided that no disclosure is made to any expert or consultant who is employed by a competitor of either party;

(e) with the written consent of the disclosing party or court order, deposition and trial witnesses, but only to the extent that such witnesses either authored such materials or lawfully received them from a source other than the receiving party;

(f) with the written consent of the disclosing party or court order, outside litigation support vendors, including commercial photocopying vendors, scanning service vendors, coders and keyboard operators; and

(g) with the written consent of the disclosing party or court order, such other persons as may be consented to by the party or non-party designating the Information as "Highly Confidential – Attorneys' Eyes Only."

All persons authorized by the Order to receive Information designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall maintain such Information in accordance with this Order, and shall use such information solely for the purpose of preparing for and conducting this action.

**11. Disclosure of Designated Material at Trial or Pre-Trial Hearing**

In preparation for the final pre-trial conference of this matter, the parties agree to confer

in good faith as to the confidential or non-confidential treatment, at trial, of any Information designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" hereunder. Issues of use or admissibility at trial may be addressed by motions in limine.

12. **Agreement**

In no event shall any designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Information be disclosed to any person other than those delineated in this Order and who have agreed to be bound by the terms of this Order (or court personnel), except by order of the court or by written stipulation of all parties. All persons entitled under this Order to receive designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Information, except counsel who have signed this Stipulation and are thereby bound, associates and paralegals of counsel of record, court officials and personnel, court reporters, videographers, litigation vendors, and similar administrative or support personnel, shall represent their willingness to be bound by this Order, on behalf of themselves and the named party for whom they are employed, by completing the appropriate Acknowledgement of Understanding and Agreement to be Bound attached hereto as Exhibit A. Counsel shall maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

13. **Responsibility of Attorneys**

Counsel of record shall be responsible for providing a copy of this Order to all persons entitled to review designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Information, and to employ reasonable measures to control duplication of, access to, and

distribution of copies of materials and papers so designated.

**14. Final Disposition**

Within sixty (60) days after the conclusion of this litigation (whether by settlement, dismissal or final judgment), and when time for all appeals has expired, any originals, reproductions, summaries or compilations of any designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Information shall either be destroyed or returned to the party producing the designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Information along with summaries of or extracts therefrom. If a party chooses to destroy, in lieu of returning, any such documents produced and designated under this Order, Counsel for that party will provide a notarized written statement that explains the nature and extent of the destruction. Insofar as the provisions of this Order restrict the communication and use of any designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Information, such Order shall continue to be binding after the conclusion of the litigation, and disclosure and/or contact can be made only with the express written permission of the party producing the document or Information.

**15. Effective Date**

This Order shall be effective as of the date of its execution by all parties' counsel.

**16. Purpose**

This Order is entered into without prejudice to the right of any party to apply to the court at any time for additional protection, or to release, rescind or modify the restrictions of this Order, or determine whether a particular person shall be entitled to receive any particular information, to alter the designation or non-designation of any document, or otherwise to seek relief from inadvertent disclosure of privileged or work product information. The undersigned

parties understand the importance of the above Order and agree to abide by its terms.

**STIPULATED TO on** March 19, 2010:

ATTORNEYS FOR PLAINTIFF
A Total Door, Inc.
 /s/ Mark E. Brown
Mark E. Brown – KS # 09638                     March 19, 2010
Christopher M. DeBacker – KS # 24095           Date
**Law Office of Mark Brown, LLC**
4700 Belleview, Suite 210
Kansas City, MO 64112
Work: (816) 268-8950
Fax: (816) 502-7898
E-mail: mark@midwestip.com
        chris@midwestip.com


ATTORNEY FOR DEFENDANTS
Openings LP, Total Door, Inc., and Total
Door, Partnership
/s/ James D. Lawrence
James D. Lawrence- KS # 22565                  March 19, 2010
**Bryan Cave LLP**                             Date
One Kansas City Place
1200 Main Street, Suite 3500
Kansas City, MO 64105
Office:  (816) 374 3378
Fax: (816) 855 3378
E-mail:  jdlawrence@bryancave.com

-and-

Matthew L. Cutler, *Admitted Pro Hac Vice*
Randy J. Soriano, *Admitted Pro Hac Vice*
**Harness Dickey & Pierce P.L.C.**
7700 Bonhomme, Suite 400
St. Louis, MO 63105
Office: (314) 726-7500
Fax: (314) 726-7501
E-mail: mcutler@hdp.com
        rsoriano@hdp.com

**SO ORDERED THIS 22nd day of March, 2010,**

By: s/ James P. O'Hara
 James P. O'Hara
 United States Magistrate Judge